[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 6, 1994 Date of Application May 16, 1994 Date Application Filed May 26, 1994 Date of Decision January 23, 1996
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield.
Docket No. CR91-67535.
Auden Grogins, Esq. Defense Counsel, for Petitioner.
John F. Blawie, Esq. Assistant State's Attorney, for the State.
BY THE DIVISION
After a plea of guilty, petitioner was convicted of the crime of conspiracy to commit murder in violation of General Statutes § 53a-54a and § 53a-48. As a result of such conviction a sentence of six and a half years was imposed.
The facts underlying petitioner's conviction indicate that on July 11, 1991, the victim was standing on the street with several friends when a vehicle driven by petitioner drove past. The vehicle then turned around and came back towards the victim. At this point a passenger was observed leaning out of the right rear window of the vehicle. The passenger CT Page 1287-K fired several shots at the victim. The victim was struck by bullets resulting in his death. The reports indicated that the shooting was in retaliation for a previous fight between the shooter and members of the victim's family.
By way of background, petitioner's attorney stated that at the time of the shooting petitioner did not know the passenger was going to shoot the victim. The attorney pointed out that petitioner agreed to testify for the prosecution in the case against of the shooter. This resulted in a plea of guilty by the shooter. It was argued that more consideration should have been given to petitioner for her willingness to cooperate with the state.
The attorney also pointed out that petitioner had an excellent background with a good education. She had one child and always worked in responsible positions. It was admitted, however, that she had a federal conviction for selling firearms and was on probation at the time of this offense. It was argued that the weapon used to commit this crime was not supplied by petitioner. The attorney stated that petitioner had always been a productive member of society and was simply in the wrong place at the wrong time. Under such circumstances it was argued that the sentence was excessive and should be reduced.
Speaking on her own behalf, petitioner repeated that she did not know in advance that her passenger was about to shoot at the victim. Petitioner also stressed the family problems that were resulting from her incarceration. She requested a reduction in sentence.
The state's attorney argued against any reduction and urged the Division to consider increasing the sentence. He pointed out that the six and one half year imposed was well under the maximum twenty year sentence which could have been imposed. He stated that at sentencing the state requested a nine year sentence. At the time of the shooting, petitioner was 20 years of age and the young men in the car were teenagers. He pointed out that prior to the shooting, the vehicle passed the victim, turned and came back so that the passenger could fire at the victim. The state's attorney argued that the sentence imposed was extremely lenient and that the Division should consider an increase in sentence. CT Page 1287-L
The sentence imposed here was well under the maximum sentence authorized for the offense and was well under the maximum sentence which could have been imposed under the plea agreement. At the time of the offense, petitioner was on probation for a federal offense involving firearms.
Considering all of the factors enumerated in Connecticut Practice Book § 942, it must be concluded that the sentence imposed, although lenient was not inappropriate.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.